UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SHAQUILLA S. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> FARMVILLE CINEMA OPERATIONS, LLC, <br><br> Defendant. | Action No. 3:13-CV-858 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Farmville Cinema Operations, LLC's ("Farmville Cinema") Motion for Protective Order (ECF No. 23) against Plaintiff Shaquilla S. Brown ("Brown"). For the reasons stated below, the Court will DENY the Motion.

### I. Background

On February 24, 2014, Brown filed her Amended Complaint asserting that Farmville Cinema wrongfully terminated and retaliated against her pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981. On or about April 2, 2014, Farmville Cinema submitted to Plaintiff's counsel its Rule 26(a)(1) Initial Disclosures. On April 8, 2014, Farmville Cinema learned that Bettina Brooks ("Brooks"), who formerly worked for Farmville Cinema and was Brown's direct supervisor, had relevant information related to claims and defenses in this lawsuit. In or about that same week, counsel for Farmville Cinema informed Plaintiff's counsel via telephone of the likely substance of Ms. Brook's testimony and that Farmville Cinema would be amending its Rule 26(a)(1) Initial Disclosures to add Brooks as a potential witness.

On April 22, 2014, Diane Caton ("Caton"), a representative for Farmville Cinema, received a voicemail message from Brooks, in which Brooks stated that Plaintiff visited Brooks's friend in an attempt to convince Brooks not to testify against her. (Def.'s Mot. for Protective Order Ex. 1). On April 28, 2014, Farmville Cinema submitted to Plaintiff its Amended Initial

1

Disclosures. On May 5, 2014, Brooks informed counsel for Farmville Cinema that since April 8, 2014, she had received over a dozen phone calls and text messages of a strange or threatening nature. (*Id.* Ex 3). Specifically, at 8:09 a.m. on May 5, 2014, Brooks received text messages that read: "some peoples priorities are all screwed up. worried about all the wrong things when they should be worried about why there studdering ass husband tring to fuck everybody besides there 300+ lbs ass." (*See id.* at ¶ 6). Brooks discovered that the text messages were sent from a phone number automatically generated by the "TextMe" smartphone application. (*Id.* at ¶ 8). When Brooks used the TextMe application to send a message back to the phone number, TextMe displayed the username "msquilla4348968." (*Id.* at ¶ 9). The TextMe application reportedly generates usernames based on the primary email address stored in the user's smartphone. (*Id.* at ¶ 7). Defendant represents, upon information and belief, that the text messages received by Brooks came from a TextMe account registered on a smartphone linked to Plaintiff's personal email address—msquilla43@gmail.com.

Farmville Cinema requests: (1) that this Court issue a Protective Order requiring Brown and anyone acting at Brown's direction, to cease and desist from impermissibly contacting potential witnesses identified by the parties in this case in an effort to prevent such witnesses from testifying in these proceedings, and (2) to the extent Brown seeks to take the deposition of Brooks, that the Court require that any such deposition be taken before a Magistrate Judge.

## II.   Parties' Arguments

Brown denies contacting Brooks. Brown contends that her email is msquilla434@gmail.com and not "msquilla 434969." She notes that previous employees of Farmville Cinema's theater brought to management's attention Brooks history of sending fake e-mails, purportedly from customers, in order to cause employees' dismissal. Brown reports that Brooks was fired from her position as general manager of Defendant's theater after her

embezzlement/fraud came to light in May 2013.[1] Brown contends that it strains reason that she would report Brooks's scheme if she were involved in it or profited from it.

Farmville Cinema contends that the evidence before the Court shows that there is good cause to believe that the messages were sent by Brown or someone acting on her behalf. Farmville Cinema notes that Brown points to no evidence that can establish the assertion that Brooks somehow fabricated the text messages at issue. Farmville Cinema also notes that Brown did not rebut Diane Caton's testimony regarding how the TextMe app generates user names.

### III. Analysis

At its discretion, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This Court has the "inherent authority to control and preserve the integrity of its judicial proceedings." *U.S. ex rel. Rector v. Bon Secours Richmond Health Corp.*, No. 3:11-CV-38, 2014 WL 66714, at *4 (E.D. Va. Jan. 6, 2014) (quoting *In re Shell Oil Refinery*, 143 F.R.D. 105, 108-09 (E.D. La. 1992)).

Farmville Cinema's request turns on whether or not it can establish that Brown actually sent the messages at issue. Brown's email—msquilla434@gmail.com—and the name of the TextMe account at issue—msquilla 434969—are eerily similar. Considering Farmville Cinema's explanation regarding how TextMe usernames are generated, there is at least a colorable argument that Brown contacted Brooks and harassed her via text message. There is no guarantee, however, that another person could not have established a similar email address and formulated the TextMe account name at issue. For example, it appears possible that another person could create a "msquilla43" email address through Comcast, AOL, or any other email service provider and use it to generate the TextMe account name of msquilla 434969.

The veracity of the other reported attempts by Brown to contact Brooks via phone calls or through third parties, are based primarily on the affidavits of Brooks and Brown. As such, the

---

[1] Brown's Affidavit details Brooks's fraud and termination from the employ of Farmville Cinema. (Pl.'s Opp'n Ex. 1).

Court is forced to make a credibility determination without any outside evidence with the exception of the TextMe messages. Farmville does not produce any phone records to support Brooks's story. Because Farmville Cinema provides no basis on which to make a credibility determination, Farmville Cinema has not met its burden to show good cause.

### VI. Conclusion

For the above reasons, the Court will DENY the Motion. However, any indication of such conduct in the future will not be tolerated.

An appropriate Order will issue. Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this \_\_\_18th\_\_\_ day of June 2014.